CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

JARED S. BUSZIN (NYBN 5285838)
E. WISTAR WILSON (CABN 324705)
Assistant United States Attorneys

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7200
      FAX: (415) 436-7234
      Jared.Buszin@usdoj.gov
      Wistar.Wilson@usdoj.gov

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 26-CR-128 CRB |
|     Plaintiff, | ) UNITED STATES' STATUS CONFERENCE REPORT AND REQUEST FOR TRIAL DATE AND PRETRIAL SCHEDULE |
|   v. | ) |
| YIMIN "KELLY" LU, | ) Hearing Date: June 17, 2026 |
|     Defendant. | ) Hearing Time: 10:00 a.m.<br>) Courtroom:    Courtroom 6, 17th Floor |
| | ) Hon. Charles R. Breyer |

## INTRODUCTION

This case arises from a March 24, 2026, indictment charging defendant Yimin "Kelly" Lu with one count of making a false declaration before a court, in violation of 18 U.S.C. § 1623(a). Dkt. 1. The offense conduct concerns the defendant's false declaration regarding her possession of her Chinese passport in connection with bail proceedings in a criminal asylum fraud case filed against the defendant and another individual (Dongquan "Derek" Jin) in August 2024 in this district. *Id.* The asylum fraud case is presently scheduled for trial before the Court in March 2027. *United States v. Dongquan "Derek" Jin & Yimin "Kelly" Lu*, No. 24-CR-472-CRB, Dkt. 83.

GOV'T STATUS REPORT & REQUEST FOR TRIAL   1
26-CR-128 CRB

The government files the instant status report in advance of the parties' first district court appearance in this matter to (i) provide the Court with background regarding the case, and (ii) request that the Court set this matter for trial and issue a pretrial schedule, including a deadline for pretrial motions.

## RELEVANT BACKGROUND

### A.    Summary of False Declaration Case

In August 2024, in connection with the aforementioned asylum fraud case, the defendant was arrested in the Central District of California and was brought before a magistrate judge in that district for her initial appearance on the asylum fraud indictment. Dkt. 1. A magistrate judge in the Central District presided over the defendant's bail proceedings. *Id.* As part of those proceedings, the defendant was released on bond subject to various conditions, and she signed an acknowledgment informing her that violation of her conditions of release could result in a revocation of release and a new prosecution for an additional offense. *Id.*

One of the defendant's conditions of release required her to surrender her passports and travel documents to Pretrial Services by no later than August 26, 2024, and to sign a declaration regarding those documents (a "Form CR-37"). *Id.* On August 22, 2024, the defendant signed and filed a Form CR-37, under penalty of perjury, stating that she had been issued a Chinese passport that she would surrender to Pretrial Services. *Id.*

The same day the defendant submitted the initial Form CR-37, she exchanged text messages with her co-defendant in the asylum fraud case, Mr. Jin.[1] In those messages, Mr. Jin suggested that the defendant apply for a new passport after surrendering her passport. The next day, Mr. Jin sent the defendant another message suggesting that she go to the police station and file a report indicating that her passport was lost. The defendant did so, as reflected in an August 23, 2024, Ontario Police Department incident report.

On August 27, 2024, the defendant sent additional text messages to Mr. Jin, informing him that she was being asked about her passport. The defendant wrote, "I know, it is best to hand it over to them

---

[1] The messages are in Chinese and have been translated into English by the government.

GOV'T STATUS REPORT & REQUEST FOR TRIAL   2
26-CR-128 CRB

to avoid trouble." Nevertheless, that same day, the defendant filed a motion for leave to file an amended Form CR-37 because she purportedly could not find her Chinese passport.

On September 3, 2024, the defendant signed and filed another Form CR-37 under penalty of perjury, stating that she was unable to locate her passport. *Id.* On that form, the defendant further declared that, if she were to locate her passport, she would immediately surrender it to Pretrial Services. *Id.*

About nine months later, on June 4, 2025, after identifying and translating the text messages referenced above that were found on Mr. Jin's seized cell phone, agents with Homeland Security Investigations ("HSI") executed a search warrant at the defendant and Mr. Jin's shared residence in the Central District of California. When the defendant was informed by an agent at the door that he had a warrant to seize her passport, the defendant falsely told the agent that she did not have her passport. However, upon realizing there were multiple agents present and prepared to search her residence, the defendant then said that her passport was in her Tesla vehicle parked outside. She gave an agent her cell phone to unlock the vehicle, where agents located the defendant's Chinese passport in the front center console.

### B.    The Government's Anticipated Trial Presentation

The government currently anticipates it could present its case-in-chief in less than one day through approximately three witnesses, though fewer may be required if the parties are able to stipulate to the authenticity of certain documents.

First, the government will be prepared to present a witness to introduce the relevant certified court records from the defendant's bail proceedings in the Central District of California. These would include, for example, the original and amended Form CR-37 that the defendant filed, as well as records reflecting that the defendant was admonished that violating her conditions of release could result in a revocation of release and a new prosecution for an additional offense.

Second, the government anticipates presenting a witness to introduce relevant text messages between Mr. Jin and the defendant regarding the condition that she surrender her Chinese passport, described above.

Third, the government expects to present testimony from HSI Special Agent Al Rabadi, who

GOV'T STATUS REPORT & REQUEST FOR TRIAL   3
26-CR-128 CRB

would testify about the June 4, 2025, search warrant operation at the defendant's residence.  Special Agent Rabadi would testify about the defendant's shifting statements that day regarding her possession of her Chinese passport, as well as his seizure of the passport after the defendant told him it was in her vehicle.

### C.    Status of Discovery

The government made its formal production of discovery for this case to the defendant and her attorney on March 27, 2026 – three days after the indictment was returned and more than a week before the defendant's initial appearance in this case.  Dkt. 1, 2.  That discovery included certified copies of court records from the defendant's bail proceedings, a certified copy of the police report reflecting the defendant's reporting her passport as lost, and documents pertaining to the operation resulting in the seizure of the defendant's passport.  The government's discovery also included a translated copy of relevant text messages between the defendant and Mr. Jin.  In total, the discovery consists of 14 documents spanning 72 pages.

Although the government made its formal production of discovery in March 2026, the defendant and her lawyer have had notice of the defendant's false declaration offense (and relevant discovery) going back to at least July or August 2025, when the Court appointed the Federal Public Defender's Office to advise the defendant regarding the potential conflict of interest posed by joint representation in the asylum fraud case.[2]  In particular, the government specifically raised the defendant's conduct with respect to her passport in connection with its motion for an inquiry into the potential conflict under Rule 44 of the Federal Rules of Criminal Procedure.  *United States v. Jin & Lu*, No. 24-CR-472, Dkt. 45, 46.  The government's papers for that motion not only cited to relevant public court filings in the bail proceedings, but also attached relevant discovery, such as the defendant's text messages with Mr. Jin and an email from Special Agent Rabadi describing how he came to seize the defendant's passport.  *Id.*

### D.    Availability of Parties

Counsel for the government is generally available to try this matter at the Court's earliest

---

[2] Ned Smock of the Federal Defender's Office was appointed to advise the defendant in connection with the potential conflict issue, and he was subsequently appointed to serve as the defendant's attorney in the asylum fraud case.  Mr. Smock is also representing the defendant in the instant case.

GOV'T STATUS REPORT & REQUEST FOR TRIAL   4
26-CR-128 CRB

convenience between September 14, 2026 and December 18, 2026.  Counsel for the government requested defense counsel's availability and understands that defense counsel does not have any scheduling conflicts during that period.[3]

**CONCLUSION**

For the foregoing reasons, the government respectfully requests the Court set this matter for trial on the soonest available date between September 14, 2026 and December 18, 2026.  The government further requests the Court set a pretrial schedule, including a deadline for pretrial motions.

DATED: June 15, 2026                                  Respectfully submitted,

                                                      CRAIG H. MISSAKIAN
                                                      United States Attorney


                                                      _____/S/_____
                                                      JARED S. BUSZIN
                                                      E. WISTAR WILSON
                                                      Assistant United States Attorneys

---

[3] The government understands the defendant objects to this case being tried prior to her trial in the asylum fraud case.

GOV'T STATUS REPORT & REQUEST FOR TRIAL   5
26-CR-128 CRB