JODI LINKER
Federal Public Defender
Northern District of California
NED SMOCK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:   (415) 436-7706
Email:        Ned_Smock@fd.org


Counsel for Defendant LU


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>YIMIN LU,<br><br>          Defendant. | Case No.: 26-CR-128 CRB<br><br>**DEFENDANT'S STATUS CONFERENCE REPORT**<br><br>Hearing Date:   June 17, 2026<br>Hearing Time:   10:00 a.m.<br>Courtroom:      Courtroom 6, 17th Floor |


Yimin Lu will appear before the Court on June 17, 2026 in a case charging making a false declaration before a court in violation of 18 U.S.C. § 1623(a).  The Court will recall that Ms. Lu is already facing trial now set to commence on March 8, 2027 in a separate and larger case, Docket No. 24-CR-472 CRB, in which she is charged along with co-defendant Derek Jin with multiple offenses related to a business that, by the government's account, filed a large number of asylum claims on behalf of clients that allegedly contained false statements. That case was first indicted on August 20, 2024. ECF No. 7.  The undersigned took over representation of Ms. Lu after that case

had been pending for more than one year.  Since that time, counsel has been focused on preparation for the March trial.

Less than three months ago, on March 24, 2026, the government filed an indictment in the instant case alleging that as part of her initial detention proceedings in 2024 in the trial case, Ms. Lu made a false declaration before the Court, claiming that she had lost her passport when – according to the government – it was actually in her possession.  All of that conduct occurred in the Central District of California.  Ms. Lu lives in Southern California, was arrested there, and had all of her initial detention proceedings before a magistrate judge in the Central District of California.  The declaration stating that the passport was lost, which serves as the basis for the single count indictment in the instant case, was submitted to a magistrate judge in the Central District of California.

Yesterday the government submitted a Status Conference Report indicating that the government wishes to set a trial date in the instant case between September and December of this year – in advance of the case that was indicted more than two years ago and is currently set for trial in March of next year.   The defense strongly objects to setting a trial date for this new case in advance of the trial in Case No. 24-CR-472 CRB for several reasons.

First, this case was indicted less than three months ago.  While the government suggests that the trial itself would be relatively brief, the defense continues to investigate the underlying facts and legal issues related to the charge.  Among other issues, it is not at all clear that this case is properly venued in the Northern District of California given that all of the operative acts occurred in the Central District of California and the document that contained the alleged false declaration was filed with the court in the Central District of California – not in this court.  The defense is performing legal research on this issue and will likely be filing a motion to dismiss for improper venue.

Second, the defense has been focused on preparations for the March trial, which is expected to last three weeks and will involve dozens of witnesses.  That case involves voluminous discovery and a long list of witnesses to interview.  Investigation is made more difficult because most witnesses are not English speakers.  In addition, much of the evidence, including the contents of cellular phones turned over by the government in discovery, is in Mandarin and Cantonese.  Translating these materials is an ongoing process and means that trial preparation takes longer than it otherwise would.  Shifting gears to prepare for a separate trial involving separate facts and legal issues based upon an indictment filed one-and-a-half years *after* the indictment in the case currently set for trial will detract from the defense's preparation for that trial.

Third, the government does not explain in its status memorandum the reason it is pushing for a trial to be set in this new case *before* the asylum fraud trial.  Is it to pressure Ms. Lu to enter a guilty plea in the asylum fraud trial case given that she is facing the possibility of a prison sentence on this new indictment were she convicted prior to the asylum fraud trial?  That, of course, would be an improper basis to set the new case for trial before the older one.  Is it to seek a conviction on the § 1623(a) charge in advance of the asylum fraud trial so that, were Ms. Lu to choose to testify at the asylum fraud trial the conviction on this new charge could be introduced against her under Fed. R. Evid. 609 as a conviction involving a false statement?  Again, it would be improper to set the instant matter for trial earlier than the previously-indicted asylum fraud trial so that Ms. Lu is discouraged from testifying in her own defense at the asylum fraud trial.  The defense is also concerned about possible immigration consequences if Ms. Lu were convicted of the § 1623(a) charge.  More research is required into this issue, but the defense is concerned that ICE might take Ms. Lu into custody were she convicted of this § 1623(a) charge, which would of course detract from her ability to prepare for the March asylum fraud trial.

The trial in this recently-indicted case should go forward *after* the more serious and longer-pending case in March of next year. In addition to all of the other reasons set forth above, this approach has the potential to conserve judicial resources, as the parties will likely reevaluate how to handle this case depending upon the outcome of the March trial. The defense is prepared to set a motion schedule for a motion to dismiss for improper venue and is also willing to set a trial date in this case for *after* the asylum fraud trial. But this newly-indicted case should not be set for trial first.

June 16, 2026                          JODI LINKER
Dated                                  Federal Public Defender
                                       Northern District of California

                                       _____/S_____
                                       NED SMOCK
                                       Assistant Federal Public Defender