United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

YIMIN LU,
Defendant.

Case No. 3:26-cr-00128-CRB-1

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF VENUE**

This motion comes from a tale of three proceedings—all involving the same defendant. In the first proceeding (the "2024 N.D. Case"), Defendant Yimin "Kelly" Lu was charged in this District for assisting others with making false statements on immigration documents. Indictment (dkt. 1) ¶ 1; Amended Indictment (dkt. 7) ¶ 24 in United States v. Lu, No. 24-CR-00472-CRB-2. In the second proceeding (the "C.D. Proceeding"), Lu was arrested in connection with the previous charge while in the Central District of California. Indictment ¶ 2. In her subsequent bail proceedings, which were in the Central District but ancillary to the 2024 N.D. Case, Lu made a declaration under oath to the court stating that she could not find her passport. Id. ¶ 8. In the instant third proceeding, Lu was indicted for making that false material declaration. Id. ¶ 11. Lu now moves to dismiss for lack of venue. See Mot. (dkt. 10). Because the allegedly false declaration was made outside this District and is the only criminal act at issue, the Court **GRANTS** the motion.[1]

[1] The Court presumes familiarity with the factual background.

United States District Court
Northern District of California

## I. LEGAL STANDARD

The Sixth Amendment provides criminal defendants with the right for their cases to be tried in the "district wherein the crime shall have been committed." U.S. Const. amend. VI. To determine proper venue, "courts generally must determine the location of the offense's 'essential conduct elements.'" Abouammo v. United States, 146 S.Ct. 1571, 1576 (2026) (quoting United States v. Rodriguez-Moreno, 526 U.S. 275, 280 (1999)). To identify these elements, courts look to "the conduct constituting the offense—the things a defendant must do to violate the statute," and then "ascertain the location of those criminal acts." Id. (internal quotation marks omitted). If a crime consists of multiple essential conduct elements, venue is proper wherever such conduct "begins in, continues into, or is completed." United States v. Lukashov, 694 F.3d 1107, 1120 (9th Cir. 2012) (citing Rodriguez-Moreno, 526 U.S. at 280).

Under the Federal Rules of Criminal Procedure, a motion for improper venue can be made before trial. See Fed. R. Crim. P. 12(b)(3)(A)(i). When considering a motion to dismiss, "the court is limited to the face of the indictment and must accept the facts alleged in that indictment as true." United States v. Gonzalez-Ruiz, 369 F. Supp. 2d 1151, 1152 (N.D. Cal. 2005) (citing Winslow v. United States, 216 F.2d 912, 913 (9th Cir. 1954)).

## II. DISCUSSION

Lu argues that venue is improper in the Northern District because her charge has only one essential conduct element—making a false material declaration—which was completed in the Central District. Mot. at 5. In response, the Government argues that venue is proper in the Northern District for three reasons: (1) Lu's charge has multiple essential conduct elements, some of which occurred, at least in part, in this District; (2) even if Lu did not make her declaration while physically present in this District, venue can still be proper; and (3) Lu's charge is a "continuing offense" which began in the Central District, but continued into this District. Opp'n (dkt. 13) at 1–2. The Court rejects each of the Government's arguments and **GRANTS** Lu's motion.

### A. Essential Conduct Element

Lu argues that venue is improper because the only "essential conduct element" of her charge occurred outside of this District. Mot. at 1. The Government contends that there are multiple essential conduct elements and a "component" of these elements occurred in this District. Opp'n at 2. The Court concludes that venue is improper because Lu's charge has only one essential conduct element—making her declaration—which occurred entirely in the Central District.

"[E]ssential conduct elements" are the only elements of a crime that are relevant for determining venue. Abouammo, 146 S.Ct. at 1576. They are "the 'gist and crux' of the offense." See United States v. Pace, 314 F.3d 344, 349 (9th Cir. 2002) (quoting United States v. Garlick, 240 F.3d 789, 792 (9th Cir. 2001)). It is possible to have multiple essential conduct elements when several acts are each "proscribed conduct" and a "critical part" of the offense. See Rodriguez-Moreno, 526 U.S. at 280 n.4.

In contrast, a "circumstance element" is irrelevant for venue purposes. United States v. Fortenberry, 89 F.4th 702, 705 (9th Cir. 2023) (citing Rodriguez-Moreno, 526 U.S. at 280 n.4). A circumstance element is not "proscribed conduct," but is nonetheless "necessary for a conviction." Id. at 705–06 (quoting Rodriguez-Moreno, 526 U.S. at 280 n.4). When distinguishing circumstance elements from essential conduct elements, courts are "guided, but not limited, by the principle that the verb or verbs used in a criminal statute have 'value as an interpretive tool' to 'determine the nature of the substantive offense.'" Id. at 706 (quoting Rodriguez-Moreno, 526 U.S. at 280).

For Lu's charge, the parties disagree about what constitutes an essential conduct element. The elements for an 18 U.S.C. § 1623(a) violation are: "(1) [to] knowingly make a (2) false (3) material declaration (4) under oath (5) in a proceeding before or ancillary to any court of the United States." United States v. McKenna, 327 F.3d 830, 838 (9th Cir. 2003). Lu argues that the only essential conduct element for the charge is "making a false material declaration." Mot. at 5. She contends that "the requirement that the proceedings in which the declaration was made or used be 'before or ancillary to any court or grand

jury' is only a circumstance element." Id. at 6 (quoting 18 U.S.C. § 1623(a)). On the other hand, the Government argues that there are two more essential conduct elements: "(i) t[aking] an oath before making the false declaration (or ma[king] it under penalty of perjury), and (ii) appear[ing] in connection with a federal judicial proceeding in which the false declaration was made." Opp'n at 6–7.[2] The Court determines that neither of these additional elements is an essential conduct element.

For starters, being under penalty of perjury is not "proscribed conduct" under 18 U.S.C. § 1623(a). See Rodriguez-Moreno, 526 U.S. at 280 n.4 (essential conduct element must be "proscribed conduct"). Rather, the statute proscribes the making of a false declaration while under penalty of perjury. See 18 U.S.C. § 1623(a). Instead of the proscribed act itself, being under penalty of perjury is a "necessary predicate" for making other conduct a crime, which makes it a circumstance element. See 1 Wharton's Criminal Procedure § 10:4 (14th ed. 2025). Regardless, even if being under penalty of perjury were an essential conduct element, it would have been committed in the Central District, where Lu was under penalty of perjury. See Indictment ¶ 8.

The same reasoning applies to "appear[ing] in connection with a [N.D. Cal.] judicial proceeding." See Opp'n at 7. Although it involves conduct—the act of appearing—it is not an "essential conduct element" because it is not "proscribed conduct" under Section 1623(a). See Rodriguez-Moreno, 526 U.S. at 280 n.4 (emphasis added). And again, even if appearing in relation to a court proceeding were an essential conduct element, the act of appearing occurred in the Central District. See Indictment ¶ 8.

Nevertheless, the Government argues that this District is "inextricably bound" to Lu's present indictment. Opp'n at 7 (quoting United States v. Reed, 773 F.2d 477, 483 (2d Cir. 1985)). The Government notes that "but for her indictment in the [2024 N.D. Case]," Lu would never have made her allegedly false declaration. Id. at 8. True enough. But that is not the law. Regardless of how "bound" one district is to an offense, venue is only

[2] The parties agree that the venue analysis is unaffected by the requirement that the declaration must be material and knowingly false. Mot. at 4–5; Opp'n at 10.

proper if the district was the "location of [a] criminal act[]." Abouammo, 146 S.Ct. at 1576 (internal quotation marks omitted).[3]

Consider Abouammo v. United States. In that case, the defendant falsified an invoice to prevent a San Francisco-based investigation from uncovering his San Francisco-based criminal conduct. Abouammo, 146 S.Ct. at 1575. If not for the defendant's earlier conduct in this District, the falsification would not have occurred. Nonetheless, because the defendant falsified the invoice in the Western District of Washington (thereby completing the charged crime), the Supreme Court held that the Northern District was an improper venue.[4] Id. at 1576. Similarly, although Lu would not have made her false declaration but for her indictment in the 2024 N.D. Case, venue here is improper because the declaration was not made in this District.

In addition to its "but for" argument, the Government tries to establish venue by arguing that the C.D. Proceeding's "nexus to an underlying federal court proceeding is a critical component of the acts constituting the crime[]." Opp'n at 7. But this obscures the very distinction on which this case turns—the difference between a conduct and non-conduct element. A conduct element is not a "component" of an act but the act itself. See Abouammo, 146 S.Ct. at 1576 (describing conduct elements as "the act or acts constituting the crime") (internal quotation marks omitted). And the existence of a "nexus to an underlying federal court proceeding" is not an act—and is certainly not a proscribed act. Even if this element could be called a "component of the [criminal] act[]," Opp'n at 7, it—like mens rea—is a non-conduct component and thus irrelevant for venue. See Abouammo, 146 S.Ct. at 1577 (holding that a "mens rea element adds nothing to the

---

[3] A useful comparison is felon in possession crimes. In these cases, venue is proper only "where the firearm is actually possessed" and cannot instead be where the defendant's previous felony conviction occurred. United States v. Cabrales, 524 U.S. 1, 8 n.2 (1999) (citing United States v. Lanoue, 137 F.3d 656, 661 (1st Cir. 1998)). Although felon in possession crimes cannot occur but for a past felony conviction, because the past conviction is not the "proscribed conduct" in the new charge, it is irrelevant for venue purposes. See Rodriguez-Moreno, 526 U.S. at 280 n.4.

[4] In Abouammo, the defendant was charged with violating 18 U.S.C. § 1519, which makes it a crime to knowingly falsify a document with the intent to obstruct a federal investigation. Id. at 1575.

conduct-focused analysis").[5]

### B. Lack of Physical Presence

The Government concedes that "the defendant may not have been physically present in NDCA at the time she made her false declaration," but makes two points for why venue should nonetheless be proper here. See Opp'n at 7. First, the Government argues that a defendant's lack of physical presence in a district is "not dispositive" to the venue analysis. Id. Second, the Government argues that "[a]t the very least, the defendant had a 'constructive presence' in NDCA at the time." Id. (quoting Hyde & Schneider v. United States, 225 U.S. 347, 362 (1912)). The Court takes each argument in turn.

#### 1. Physical Presence

The Government argues that Lu's lack of physical presence in this District when the crime was committed is "not dispositive" to the venue question. Opp'n at 7. The Court agrees. After all, the Constitution establishes venue where the crime occurred, not where the defendant was. See U.S. Const. amend. VI (defining venue as the "district wherein the crime shall have been committed"). Here, the Central District is both where Lu was and where the crime purportedly occurred. Accordingly, the Government's argument fails to change the analysis.

#### 2. Constructive Presence

The Government also tries to establish venue by arguing that "[a]t the very least, the defendant had a 'constructive presence' in NDCA" when she made her false declaration. Opp'n at 7 (quoting Hyde, 225 U.S. at 362). Although the Government does not define "constructive presence," it quotes the term from Hyde & Schneider v. United States. But

---

[5] The Government cites the Second Circuit case United States v. Reed, which held that "perjury in one district in a proceeding ancillary to a proceeding in another district may be prosecuted in either." 773 F.2d at 483. But Reed's reasoning—aside from not binding on this Court—conflicts with more recent Supreme Court precedent. For instance, Reed determined that "[t]he criminal acts alleged here were committed in California." Id. Under Abouammo, this would have ended the venue inquiry. See 146 S.Ct. at 1576 (explaining that venue is determined solely by "ascertain[ing] the location of th[e] criminal acts") (internal quotation marks omitted). Yet Reed expressly relied on "other factors" to determine that "venue was proper" outside California. 773 F.2d at 483 (emphasis added).

United States District Court
Northern District of California

in that case, the Supreme Court permitted venue based on "constructive presence" because conspiracies permit the consummation of a crime irrespective of the location of a particular co-conspirator. Hyde, 225 U.S. at 362–63. That is certainly not a theory applicable here, where no conspiracy is alleged and Lu's relevant conduct occurred in the Central District.

**C. Continuing Offense**

The Government argues that, even if Lu committed the Section 1623(a) offense in the Central District, she "continued her offense into this district." Opp'n at 13. The Court rejects this argument.

Although some crimes can occur at a single moment, others may continue over a period of time. For instance, kidnapping is a continuing offense that "once begun, does not end until the victim is free." Rodriguez-Moreno, 526 U.S. at 281. When a continuing offense spans across multiple districts, venue is proper in any district where part of the offense occurred. Id. at 282.

Here, the Government argues that Lu's making of the false declaration continued into this District when she "(i) failed to act when [an] NDCA magistrate judge admonished her to surrender her passport if she located it, and then (ii) unequivocally reaffirmed her false declaration in connection with the 2025 bail review proceedings that occurred after her passport was seized." Opp'n at 13. But neither of these events is mentioned in the indictment and, on a motion to dismiss, "the court is limited to the face of the indictment." See Gonzalez-Ruiz, 369 F. Supp. 2d at 1152.

Additionally, the Government argues that Lu's making of the false declaration continued into this District because "a communication continues until [it] is received by the person or persons whom it is intended to affect or influence." Opp'n at 13 (quoting United States v. Angotti, 105 F.3d 539, 542 (9th Cir. 1997)). But this argument fails for two reasons.

First, the Government's reliance on United States v. Angotti is unavailing. That is because the Supreme Court has subsequently come to a different conclusion. In United States v. Abouammo, the Ninth Circuit affirmed an intent-based venue standard because

"[a]ny other conclusion would ignore our binding precedent in Angotti." 122 F.4th 1072, 1093 (9th Cir. 2024), rev'd, 146 S.Ct. 1571 (2026). But this decision was reversed by the Supreme Court. See Abouammo, 146 S. Ct. at 1577 (holding that because a falsification with or without a particular intent "occurs at the same place," the intent does not affect the venue analysis).

And second, Angotti dealt with 18 U.S.C. § 1014, which explicitly includes an element about "mak[ing] any false statement . . . for the purpose of influencing" a particular party. 105 F.3d at 542. A Section 1623(a) offense, however, has no analogous purpose element. See 18 U.S.C. § 1623(a). Because no element of a Section 1623(a) offense relates to the declaration's intended recipient, the recipient does not affect the venue analysis. See Abouammo, 146 S.Ct. at 1576 (venue inquiry turns solely on the elements of an offense).

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 27, 2026

CHARLES R. BREYER
United States District Judge